IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PERCY LEE CLAY and )
DIANE CLAY, )
 )
         Plaintiffs, )
 )
         v. )   1:10CV891
 )
P. TREVOR SHARP, )
 )
         Defendant. )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 8) and Plaintiffs [sic] Motion to Strike Defendant's Motion to Dismiss (Docket Entry 11). For the reasons that follow, Defendant's Motion to Dismiss should be granted and Plaintiffs' Motion to Strike should be denied.

Procedural Background

Husband and wife Plaintiffs, Percy Lee Clay and Diane Clay, proceeding pro se, filed a Complaint against United States Magistrate Judge P. Trevor Sharp, "individually, and in his capacity as a federal U.S. Magistrate, U.S. District Court, Middle District of North Carolina, for actions taken in a complete lack of jurisdiction . . . ." (Docket Entry 1 at 1.)[1] Magistrate Judge

---

[1] Although proceeding pro se, Plaintiff Percy Lee Clay asserts he is a retired attorney. (See Docket Entry 11, ¶ 6.)

Sharp moves "for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6), under the doctrines of *res judicata* and judicial immunity." (Docket Entry 9 at 1.) In addition to responding in opposition to Magistrate Judge Sharp's instant Motion (see Docket Entry 10), Plaintiffs have filed a Motion to Strike, moving "the Court to strike Defendant's Motion to Dismiss Plaintiffs' jury trial Complaint without first receiving and evaluation [sic] of all the evidence in the case." (Docket Entry 11 at 1.)

## Factual Background

Properly understanding and addressing the instant Motions requires examination of previous actions Plaintiffs have filed with the Court. Plaintiffs first filed an action against the Commissioner of the Internal Revenue Service ("IRS") seeking to enjoin the IRS from collecting and assessing taxes on Plaintiffs, requesting a refund of federal income taxes paid, and seeking damages based on alleged improper behavior of the IRS. See Clay v. Commissioner of the Internal Revenue Service, Civil Action No. 1:08CV681 (the "IRS Action"). That case was assigned to United States District Court Judge William L. Osteen, Jr., and various pre-trial motions were referred to Magistrate Judge Sharp pursuant to 28 U.S.C. § 636. See id., Docket Entries dated Sept. 23, 2008, and Jan. 14, 2009.

Magistrate Judge Sharp issued a Recommendation that the Court dismiss the IRS Action for lack of subject matter jurisdiction.

See id., Docket Entry 19. Plaintiffs responded to Magistrate Judge Sharp's Recommendation by objecting and by filing a Motion to Recuse U.S. Magistrate. See id., Docket Entries 22, 25. Both Plaintiffs' Motion to Recuse and Objections focused on Plaintiffs' perception that Magistrate Judge Sharp wrongly denied them a jury trial and improperly exercised jurisdiction over the matter. See id., Docket Entry 22 at 1-2; Docket Entry 25 at 1-2.

Magistrate Judge Sharp denied Plaintiff's Motion to Recuse, see id., Docket Entry 49, and Judge Osteen made a de novo determination in accord with Magistrate Judge Sharp's findings that the Court lacked subject matter jurisdiction to hear Plaintiffs' claims, see id., Docket Entry 54. Said rulings instigated a flurry of filings by Plaintiffs, including: (1) Motion to Reconsider Magistrate Judge Sharp's ruling on Plaintiffs' Motion to Recuse, id., Docket Entry 50; (2) Objections and Exceptions to Order Denying Motion to Strike and Purge Magistrate Judge's Recommendation to Dismiss Jury Trial Complaint, id., Docket Entry 51; (3) Motion for Scheduling Order and Discovery, id., Docket Entry 52; (4) Renewed Motion for Default Judgment on Amended Complaint as a Matter of Law and Plaintiffs [sic] Motion for Discovery on Amended Complaint, id., Docket Entry 56; (5) Objections and Exceptions to Dismissal of Jury Trial Complaint Before Trial, id., Docket Entry 57; (6) Motion to Dismiss Defendants' Response to Plaintiffs' Motion to Reconsider as a

Matter of Law, id., Docket Entry 60; (7) Renewed Motion to Recuse U.S. District Court Judge, William L. Osteen, Jr., id., Docket Entry 63; and (8) Motion for Default Judgment on Amended Complaint as a Matter of Law, id., Docket Entry 64. Judge Osteen subsequently issued an Order denying Plaintiff's Motions, see id., Docket Entry 65, prompting Plaintiffs to appeal their case to the United States Court of Appeals for the Fourth Circuit, see id., Docket Entry 67. The Fourth Circuit affirmed this Court's findings without oral argument. See id., Docket Entry 70.

During the pendency of Plaintiffs' IRS Action, Plaintiffs filed a separate action with this Court against Citimortgage, Inc. ("Citimortgage"). See Clay, et al., v. Citimortgage, Inc., Civil Action No. 1:08CV925 (the "Citimortgage Action"). That matter was again assigned to Judge Osteen and various pre-trial motions were again referred to Magistrate Judge Sharp pursuant to 28 U.S.C. § 636. See id., Docket Entries dated Dec. 24, 2008 and Jan. 13, 2009. In the early stages of the Citimortgage Action, Plaintiffs filed a Motion for Judgment on the Pleadings contending that Citimortgage failed to answer Plaintiffs' Complaint within the time period allowed by the Federal Rules of Civil Procedure. See id., Docket Entry 6; see also id., Docket Entry 12. After Judge Osteen denied that motion, see id., Docket Entry 14, Plaintiffs filed multiple Motions for Reconsideration, as well as multiple motions requesting Judge Osteen's recusal from the action, see id., Docket

Entries 15, 16, 23, 33, 39, all of which the Court denied, see id., Docket Entries 38, 45.

During the pendency of the Citimortgage Action, Plaintiffs filed yet another lawsuit, this time directly against Judge Osteen, contending that Judge Osteen "acted beyond the scope of his authority and jurisdiction and acted beyond the scope of his post as a U.S. District Court Judge, and took a course of action not in pursuit of a judicial function" by dismissing the IRS Action. See Clay v. Osteen, et al., Civil Action No. 1:10CV399, Docket Entry 1, ¶ 2. Plaintiffs also contended that Judge Osteen's failure to grant default judgment in the Citimortgage Action was contrary to federal law. Id., Docket Entry 1, ¶ 21.

Plaintiffs subsequently amended their Complaint in that action to include Magistrate Judge Sharp as a Defendant, complaining that Magistrate Judge Sharp "knowingly and willfully, usurped the authority of a U.S. District Court Judge, when he was mistakenly initially assigned to preside over a jury trial case, and he refused to return the case to the Clerk of Court, and retained the case and took a course of action designed to knowingly dismiss the case and deny Plaintiffs their rights to a jury trial without due process of law, and denial of equal protection under the law." Id., Docket Entry 5, ¶ 2.

Judge Osteen and Magistrate Judge Sharp filed separate motions to dismiss, both "mov[ing] for dismissal . . . pursuant to

Fed.R.Civ.P. 12(b)(1), because Defendant has judicial immunity, and pursuant to Fed.R.Civ.P. 12(b)(6), . . . [for] fail[ure] to allege facts to establish a violation of [Plaintiffs'] Seventh Amendment right to a jury trial." Id., Docket Entry 10 at 1 and Docket Entry 16 at 1. Magistrate Judge Wallace W. Dixon issued a Recommendation in that matter that the Court dismiss Plaintiffs' claims against Judge Osteen and Magistrate Judge Sharp because judicial immunity shielded the actions of both Judge Osteen and Magistrate Judge Sharp. Id., Docket Entry 24. United States District Court Judge Thomas D. Schroeder subsequently made a de novo determination in accord with Magistrate Judge Dixon's Recommendation. See id., Docket Entry 30.

Plaintiffs have now filed the instant action, solely against Magistrate Judge Sharp, based on Magistrate Judge Sharp's recommendation of dismissal in the IRS Action, and contending again that Magistrate Judge Sharp "knowingly took actions in a complete absense [sic] of all jurisdiction and engaged in a course of action in the clear absence of all jurisdiction, designed to cause Plaintiffs [sic] jury trial demanded Complaint to be dismissed without due process of law, wherein he usurped the authority of a U.S. District Court Judge, and committed unlawful acts which resulted in the jury trial case being dismissed before it was properly processed by the legally assigned U.S. District Court Judge, as required." (Docket Entry 1 at 1-2.)

Magistrate Judge Sharp filed the instant Motion to Dismiss contending, *inter alia*, that "Plaintiffs' claims are the same as those raised in [Plaintiffs' prior action against Judge Osteen and Magistrate Judge Sharp]. The only substantive difference is that Plaintiffs now request monetary damages, whereas in the earlier case they requested declaratory and injunctive relief. Under *res judicata*, Plaintiffs are barred from raising the same claims disposed of earlier, simply because they now request a different remedy." (Docket Entry 9 at 4.) Magistrate Judge Sharp also argues that regardless of whether res judicata applies, he remains protected by the doctrine of judicial immunity. (<u>Id.</u> at 4-6.)

Plaintiffs responded to Magistrate Judge Sharp's Motion as follows:

> [T]he doctrine of res judicata does not apply in this case because it was filed while Case No. 1:10CV399 was pending. Further, that the party being sued in the instant case is not the same parties being sued in Case No. 1:10CV399. Further, the instant case has a primary issue of a "complete lack of all jurisdiction as its basis", and it is a jury trial demanded case, guaranteed by the Seventh Amendment to the U.S. Constitution, and Federal Rule of Civil Procedure 38.

(Docket Entry 10, ¶ 5.)

Plaintiffs have also filed a Motion to Strike Defendant's Motion to Dismiss, which presents an argument substantially similar to that above. (<u>Compare</u> Docket Entry 11, ¶ 3, <u>with</u> Docket Entry 10, ¶ 5.) Plaintiffs' Motion to Strike further contends: "[I]t is improper for the Court to entertain a Motion to Dismiss in a jury

-7-

trial case before receipt and evaluation of all the evidence in the case, and it is equally unlawful for the Court to grant said motion." (Docket Entry 11, ¶ 4.)

## Discussion

Despite Plaintiffs' contentions, res judicata bars Plaintiffs' claims. Res judicata "operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction in the first litigation.'" In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). It properly applies where:

> (1) the issue sought to be precluded is identical to the one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998). The record confirms the satisfaction of all of the above elements in the instant action.

First, Plaintiffs bring the instant action contending that, by recommending dismissal of Plaintiffs' action against the IRS, Magistrate Judge Sharp,

> knowingly took actions in a complete absense [sic] of all jurisdiction and engaged in a course of action in the clear absence of all jurisdiction, designed to cause Plaintiffs [sic] jury trial demanded Complaint to be

-8-

> dismissed without due process of law, wherein he usurped the authority of a U.S. District Court Judge, and committed unlawful acts which resulted in the jury trial case being dismissed before it was properly processed by the legally assigned U.S. District Court Judge, as required.

(Docket Entry 1 at 1-2.) In their prior action, Plaintiffs asserted that Magistrate Judge Sharp,

> knowingly and willfully, usurped the authority of a U.S. District Court Judge, when he was mistakenly initially assigned to preside over a jury trial case, and he refused to return the case to the Clerk of Court, and retained the case and took a course of action designed to knowingly dismiss the case and deny Plaintiffs their rights to a jury trial without due process of law, and denial of the equal protection under the law.

Clay v. Osteen, et al., Civil Action No. 1:10CV399, Docket Entry 5, ¶ 2.

Both cases present the identical questions of whether judicial immunity precluded any claim against Magistrate Judge Sharp for his actions regarding Plaintiffs' IRS Action and, if not, whether Magistrate Judge Sharp acted properly in Plaintiffs' case.

Second, the Court actually determined these issues in the prior proceeding. Magistrate Judge Dixon found that, "pursuant to the authority found in 28 U.S.C. § 636(b)(1)(B), [Magistrate] Judge Sharp had the authority to make recommendations regarding the disposition of motions referred to him for review. Plaintiffs' request for injunctive relief is, therefore, barred by the doctrine of judicial immunity." Clay, et al. v. Osteen, Civil Action No. 1:10CV399, Docket Entry 24 at 9.

Third, these findings constituted critical and necessary parts of the Court's ruling. In fact, the entirety of Plaintiffs' claims turned on these determinations.

Fourth, the prior judgment is final and valid, given that Judge Schroeder adopted Magistrate Judge Dixon's Recommendation. Id., Docket Entry 30.

Finally, Plaintiffs had a full and fair opportunity to litigate this issue in the prior action, as they were the Plaintiffs in that prior action. As such, Plaintiffs had the opportunity to, and did, file briefs on the matter, and they further objected to Magistrate Judge Dixon's Recommendation prior to Judge Schroeder's adoption of the same, id., Docket Entry 28.

Plaintiffs' arguments against the application of res judicata are unpersuasive. As noted above, despite Plaintiffs' contention that the issues between the two actions differ, the critical questions this Court must address - i.e., whether judicial immunity precludes litigation against Magistrate Judge Sharp for his role in Plaintiffs' IRS Action and whether Magistrate Judge Sharp acted properly in the IRS Action - are identical. Moreover, although Plaintiffs contend that the parties in the two actions differ, the only difference lies in the fact that Judge Osteen was named as a Defendant in the prior action, but not here. This fact has no bearing on the res judicata issue. Finally, Plaintiffs have cited no authority for the contention that the pendency of the prior

action at the time of the filing of the instant action would affect an analysis of the applicability of res judicata. Accordingly, the Court should dismiss the instant action because Plaintiffs' claims were previously litigated and decided.

Moreover, regardless of the application of res judicata, Magistrate Judge Sharp's actions remain protected by judicial immunity. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citations omitted). As Magistrate Judge Dixon noted in Plaintiffs' previous action against both Judge Osteen and Magistrate Judge Sharp, "pursuant to the authority found in 28 U.S.C. § 636(b)(1)(B), [Magistrate] Judge Sharp had the authority to make recommendations regarding the disposition of motions referred to him for review." Clay, et al. v. Osteen, Civil Action No. 1:10CV399, Docket Entry 24 at 9. Plaintiffs have not presented a single credible argument to find that any of the complained-of actions taken by Magistrate Judge Sharp arose outside of his judicial role despite their conclusory allegations to the contrary.

## Conclusion

Because res judicata bars re-litigation of the issue presented in the instant action and because judicial immunity insulates the complained-of actions of Magistrate Judge Sharp, the Court should dismiss the instant action.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 8) be granted and that this action be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiffs [sic] Motion to Strike Defendant's Motion to Dismiss (Docket Entry 11) be denied.

                                  /s/ L. Patrick Auld
                                   **L. Patrick Auld**
                         **United States Magistrate Judge**

May 22, 2012